[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 15-11223
Non-Argument Calendar

_____

D.C. Docket No. 1:12-cv-22439-MGC

MICCOSUKEE TRIBE OF INDIANS OF FLORIDA,

Plaintiff,

BERNARDO ROMAN, III,
BERNARDO ROMAN III, P.A.,

Respondents-Appellants,

versus

BILLY CYPRESS, et al.,

Defendants,

DEXTER WAYNE LEHTINEN,
Esquire,
GUY A. LEWIS,
Esquire,
MICHAEL R. TEIN,
Esquire,
LEWIS TEIN PL,
A professional association,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(April 28, 2017)

Before TJOFLAT, WILLIAM PRYOR and FAY,[*] Circuit Judges.

PER CURIAM:

Appellees Guy A. Lewis, Michael R. Tein, and their law firm, Lewis Tein

P.L., move to correct our panel opinion, which Appellants Bernardo Roman III,

and Bernardo Roman III, P.A., do not oppose. We grant the motion to correct,

vacate our earlier opinion, and substitute this corrected opinion.

Bernardo Roman III, appeals judgments that disqualified his counsel and

that sanctioned him and his law firm (collectively "Roman") for filing in bad faith

a civil action on behalf of the Miccosukee Tribe of Indians of Florida against its

general counsel, Dexter Wayne Lehtinen, and Guy A. Lewis, Michael R. Tein, and

their law firm,  Lewis Tein P.L. (collectively "Lewis Tein"). Roman argues that the

district court erred by disqualifying his counsel of choice and by sanctioning him.

Roman also argues that the district court erroneously based its sanctions award on

billing records that were submitted under seal. We affirm the judgments to

disqualify counsel and to sanction Roman, but we vacate the sanctions award and

_____
[*] This corrected opinion is entered by a quorum. 28 U.S.C. § 46(d).

2

remand for the district court to unseal the billing records, to give Roman the opportunity to respond, and to provide an explanation for the amount awarded to Lehtinen and Lewis Tein.

The disqualification of counsel requires that we review *de novo* the application of the rules of professional conduct and related findings of fact for clear error. *Bayshore Ford Truck Sales, Inc. v. Ford Motor Co.*, 380 F.3d 1331, 1338 (11th Cir. 2004). We review for an abuse of discretion all aspects of the imposition of sanctions. *Peer v. Lewis*, 606 F.3d 1306, 1311 (11th Cir. 2010). A district court "must afford the sanctioned party due process, both in determining that the requisite bad faith exists and in assessing fees." *In re Mroz*, 65 F.3d 1567, 1575 (11th Cir. 1995).

We reject Roman's argument for reversal based on the disqualification of his lead counsel, Angel Cortinas. Roman argues that the district court failed to "clearly identify a specific Rule of Professional Conduct which is applicable . . . [and explain how his] attorney violated that rule," *Schlumberger Techs., Inc. v. Wiley*, 113 F.3d 1553, 1561 (11th Cir. 1997), but we disagree. The district court stated that Cortinas was disqualified because he was in "partnership with Mr. Lehtinen" when Lehtinen allegedly made false statements about his client, the Tribe. Cortinas's representation of Roman and the Tribe, the district court stated, violated the "model rule [which] says that a lawyer in the firm cannot ignore the behavior

3

of other lawyers in the firm" who had a conflict of interest that could be imputed to Cortinas. *See* Fla. R. Prof'l Conduct 4-1.09, 4-1.10(a).

Even if we assume that the district court erred in disqualifying Cortinas under Rules 4-1.09 and 4-1.10, any error was harmless. *See* Fed. R. Civ. P 61 ("Unless justice requires otherwise, no error . . . by the [district] court . . . is [a] ground . . . for vacating, modifying, or otherwise disturbing a judgment or order."). Roman, as the "plaintiff in a civil case[,] [had] no constitutional right to counsel." *Bass v. Perrin*, 170 F.3d 1312, 1320 (11th Cir. 1999), and he opposed requests from Lewis Tein and Lehtinen to impose sanctions for two years. Roman does not argue that his or his firm's substantial rights were affected by proceeding with Cortinas's associate, Jonathan Kaskel. *See* Fed. R. Civ. P. 61. Roman also fails to identify anything that could have been done differently or more effectively by Cortinas. *See Richardson–Merrell, Inc. v. Koller*, 472 U.S. 424, 439 (1985) ("If respondent were to proceed to trial and there received as effective or better assistance from substitute counsel than the disqualified attorney could provide, any subsequent appeal of the disqualification ruling would fail."). Cortinas and Kaskel did not enter a notice of appearance until after the first evidentiary hearing on the motions for sanctions and after we had affirmed the dismissal of the Tribe's complaint for lacking the particularity required to state a claim for relief, *Miccosukee Tribe of Indians of Fla. v. Cypress*, 814 F.3d 1202 (11th Cir. 2015).

4

Roman investigated Lewis Tein and Lehtinen; thrice revised the complaint against them; and defended against their requests for sanctions. In the light of Roman's familiarity with the facts, his legal abilities, and his retention of Kaskel, we cannot say that disqualifying Cortinas harmed Roman or his firm.

The district court did not abuse its discretion when it determined that Roman filed the second amended complaint in bad faith. A party exhibits bad faith by pursuing a claim that it knows is frivolous. *Peer*, 606 F.3d at 1316. Roman alleged that Lehtinen countenanced the misappropriation of millions of dollars from Tribe members while falsely representing that the funds were being held in trust accounts to satisfy tax liabilities they potentially owed to the federal government and violated his fiduciary duty to the Tribe by disclosing its financial information to the Internal Revenue Service. But Lehtinen established the allegations were objectively frivolous by introducing testimony that the Tribe created two reserve accounts to satisfy potential federal tax liabilities, by submitting financial records and minutes from Tribe meetings about the balances in the reserve accounts, and by presenting a letter recounting that attorney Larry Blum submitted the Tribe's financial documents to the Agency. Lewis Tein likewise controverted the allegations that it had funneled to the Tribe Chairman millions of dollars in excessive fees charged for fictitious or unnecessary services that Tribe members paid for using loans obtained from, but not approved by or intended to be repaid to,

5

the Tribe. Lewis Tein introduced evidence that a Tribe member approved the firm's invoices and was repaying a loan obtained for legal fees; that Roman billed the Tribe large amounts for his legal services; that Roman had in his custody records of Tribe members' loan payments; that an accountant for the Tribe was fired after telling Roman about existing loan schedules; and that an independent audit detected no financial irregularities. Roman failed to produce any evidence that Lewis Tein transferred money to the Chairman or that Lewis Tein overbilled or falsely charged for its legal services.

The district court did not abuse its discretion when it sanctioned Roman under Federal Rule of Civil Procedure 11 for frivolously accusing Lehtinen of wrongdoing. Rule 11 exists "to deter baseless filings in district court." *Peer*, 606 F.3d at 1311. The use of Rule 11 is particularly appropriate when a party knowingly makes allegations that are objectively frivolous and persists in that "position after it is no longer tenable." *Id.* (quoting Rule 11 advisory committee note (1993)). As the district court stated, Roman conducted an "investigation that led to results *differing*" from his suspicions of wrongdoing by Lehtinen and then "willfully abused the judicial process" by filing the second amended "complaint that contained false and unsupported allegations" against Lehtinen. Sanctioning Roman for falsely denunciating Lehtinen was necessary to prevent, the district

6

court reasonably determined, a "wayward and emboldened . . . counsel" from "asserting such baseless allegations in the future."

The district court also did not abuse its discretion when it exercised its inherent authority to impose sanctions on Roman for pursuing baseless claims against Lewis Tein. Lewis Tein sought sanctions under Federal Rule of Civil Procedure 11, yet it failed to renew its motion after Roman filed the second amended complaint, which would have given Roman 21 days to withdraw or correct the pleading. *See* Fed. R. Civ. P. 11(c)(1)(A). That procedural misstep did not thwart the ability of the district court to proceed against Roman under its inherent authority. *See Peer*, 606 F.3d at 1314–15. If Roman "acted in bad faith, vexatiously, wantonly, or for oppressive reasons," the district court had the inherent authority to impose sanctions. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 46 (1991). Based on the parties' numerous filings and the material submitted during an eight-day evidentiary hearing, the district court found that Roman knew or should have known that his allegations against Lewis Tein were patently frivolous when there was no evidence of kickbacks or fraudulent loans and Roman possessed ample information that flatly contradicted his theories of wrongdoing. Because Roman filed a complaint against Lewis Tein in bad faith, the district court acted within its authority to sanction "conduct which [it found] abuse[d] the judicial process." *See id.* at 44–45.

Roman argues that he was denied due process before being sanctioned under the inherent authority of the district court, but we disagree. Roman was apprised of the basis on which sanctions were imposed. Lewis Tein moved to sanction Roman for filing the first amended complaint without factual support and in bad faith. *See Peer*, 606 F.3d at 1314. Lewis Tein reacted similarly to the second amended complaint by submitting a bench memorandum seeking the imposition of sanctions based on Federal Rule of Civil Procedure 11, 28 U.S.C. § 1927, or the inherent authority of the court. The filings of Lewis Tein provided Roman notice that his conduct was sanctionable and why, and he was given ample opportunity to respond. *See Mroz*, 65 F.3d at 1575. In addition to Roman's testimony and arguments he made during the multi-day evidentiary hearing, he submitted a bench memorandum and a supplemental memorandum that opposed the district court using its inherent power to impose sanctions. With all the information in hand, the district court determined that Roman, despite receiving "continuous notice [of] sanctions . . . based on the allegations in its [first amended] complaint," made "more salacious and astonishing allegations" in the second amended complaint without "evidence, or [based on] patently frivolous evidence." The district court afforded Roman due process in determining whether to sanction him.

The district court violated Roman's right to due process in determining the amount of sanctions. The district court ordered Lehtinen and Lewis Tein to submit

8

their billing records under seal, which denied Roman notice of and an opportunity to examine the amount of attorney's fees and costs sought and to object, if warranted, to their reasonableness. *See Mroz*, 65 F.3d at 1575. The order entered by the district court likewise hampered Roman's ability to challenge the calculation of the sanctions because the order merely identified the amounts awarded and stated that Lehtinen was not entitled to recover the value of his time attributable to representing himself. The order is devoid of any discussion of how much time counsel for Lehtinen and Lewis Tein worked on their cases or the amount the district court applied as a reasonable hourly rate. *See Dillard v. City of Greensboro*, 213 F.3d 1347, 1353 (11th Cir. 2000). Without that information, we cannot meaningfully review the sanctions award. *See Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1304 (11th Cir. 1988). Because the district court determined the sanction awards, which it described as "sizable," in a manner that denied Roman due process, we vacate that part of the order that awarded amounts to Lehtinen and Lewis Tein and remand for the district court to unseal the billing records, to give Roman an opportunity to respond, and to provide an explanation for the amount of each award imposed.

We **AFFIRM** the imposition of sanctions on Roman, but we **VACATE** that part of the order that awarded amounts to Lehtinen and Lewis Tein and **REMAND** for further proceedings related to the sanctions award.

9